1  McGREGOR W. SCOTT
   United States Attorney
2  ROBIN R. TAYLOR
   Assistant U.S. Attorney
3  501 I Street, Suite 10-110
   Sacramento, California  95814
4  Telephone: (916) 554-2722

**FILED**

APR 2 6 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

2:07-CR-0164 MCE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TIEN TRUONG NGUYEN, <br>   aka Tim Nguyen, <br><br><br><br> Defendant. | C.R. No. <br><br> VIOLATIONS: 18 U.S.C. §§ 371 – Conspiracy to Commit Computer Fraud and Access Device Fraud; 18 U.S.C. § 1029(a)(2) – Access Device Fraud; 18 U.S.C. § 1029(a)(3) – Possession of More than 15 Unauthorized Access Devices; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C), 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. §§ 371 – Conspiracy to Commit Computer Fraud and Access Device Fraud]

The Grand Jury charges:

TIEN TRUONG NGUYEN,
    aka Tim Nguyen,

defendant herein, as follows:

///

1

## A. INTRODUCTION

At all times material herein:

1. GE Capital had computer terminals, which were protected computers, located in retail locations throughout Northern California, including inside Wal-Mart stores. GE Capital also had protected computers located in Georgia. These protected computers were connected to the Internet and used in interstate and foreign commerce and communication. GE Capital used these protected computers to process requests for, and to issue, instant credit.

2. GE Capital did not authorize customers to obtain credit in the names of third parties without disclosure and approval by GE Capital.

## B. THE CONSPIRACY

1. Beginning on or about October 15, 2005, and continuing through on or about January 26, 2007, in the State and Eastern District of California, and elsewhere, defendant TIEN TRUONG NGUYEN aka Tim Nguyen (hereinafter "NGUYEN") knowingly combined, conspired, and agreed with co-conspirators R.P. and S.R., not charged herein, and others, both known and unknown to the Grand Jury:

   a. to knowingly and with the intent to defraud access protected computers, without authorization, and in excess of their authorized access, and by means of such conduct furthered an intended fraud and obtained things of value, other than the use of the computers, valued at more than $5,000 in any one-year period, in violation of 18 U.S.C. § 1030(a)(4); and

   b. to knowingly and with the intent to defraud use, and attempt to use, one or more unauthorized access devices during any one-year period within the dates alleged above, and by such conduct

obtained things of value aggregating $1,000 or more during that one-year period, such conduct having an effect on interstate commerce, in violation of 18 U.S.C. § 1029(a)(2).

2.  It was an object of the conspiracy for defendant NGUYEN and his co-conspirators, including R.P. and S.R., not charged herein, to obtain personal and financial information of third parties, without their consent.  This information was used to obtain instant credit card numbers issued by GE Capital without the authorization of, or payment to, GE Capital.  The instant credit card numbers were used to further the intended fraud and to obtain things of value other than the use of GE Capital's computers, namely, instant credit, which was used to purchase gift cards and merchandise valued at more than $200,000.

### C. WAYS AND MEANS

In connection with the aforesaid conspiracy, defendant NGUYEN, R.P. and S.R., not charged herein, and others, both known and unknown to the Grand Jury, employed, among others, the following ways and means:

1.  As part of the conspiracy and the fraud, defendant NGUYEN fraudulently posted web sites on the Internet which appeared identical to legitimate web sites maintained by banks and other businesses, such as Pay Pal.

2.  As part of the conspiracy and the fraud, defendant NGUYEN sent e-mail messages, often in bulk, to induce third parties to disclose personal and financial information such as credit card and debit card numbers, bank account numbers, and identification information, on the fraudulently created web sites and by e-mail.

3.  As part of the conspiracy and the fraud, defendant NGUYEN

3

1 fraudulently obtained thousands of credit and debit card numbers, as
2 well as the names, addresses, telephone numbers, and e-mail
3 addresses of third parties.

4     4.    As part of the conspiracy and the fraud, NGUYEN and R.P.
5 and S.R., not charged herein, discussed via e-mail "chat" how to use
6 this information to obtain credit and to commit fraud.

7     5.    As part of the conspiracy and the fraud, defendant NGUYEN
8 provided this information to R.P. and S.R., not charged herein, and
9 others, who used it to fraudulently apply for instant credit from GE
10 Capital.

11     6.    As further part of the conspiracy and the fraud, R.P. and
12 S.R., not charged herein, and others, used the instant credit card
13 numbers to fraudulently purchase gift cards and merchandise at Wal-
14 Mart stores.

### D. OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, defendant NGUYEN, R.P, and S.R., not charged herein, and others, both known and unknown to the Grand Jury, committed and caused to be committed the following overt acts in the State and Eastern District of California:

    1.    On or about April 6, 2006, R.P., not charged herein, fraudulently applied for instant credit in the name Sherman N., at a Wal-Mart located in Lodi, California.

    2.    On or about April 6, 2006, R.P., not charged herein, made fraudulent purchases at a Wal-Mart in Lodi, California in the amount of $1,600 using credit card number xxxx-xxxx-xxxx-8309.

    3.    On or about June 10, 2006, defendant NGUYEN sent e-mail "chat" messages to S.R., not charged herein, discussing how to

4

obtain instant credit and commit fraud.

4. On or about July 16, 2006, S.R., not charged herein, fraudulently obtained instant credit in the name of Tracy R. at a Wal-Mart located in Yuba City, California.

5. On or about July 16, 2006, S.R., not charged herein, made fraudulent purchases at a Wal-Mart located in Yuba City, California in the amount of $772.11 using credit card number xxxx-xxxx-xxxx-2063.

6. On or about July 16, 2006, S.R., not charged herein, fraudulently obtained instant credit in the name of Jo W. at a Wal-Mart located in Yuba City, California.

7. On or about July 16, 2006, S.R., not charged herein, made fraudulent purchases at a Wal-Mart located in Yuba City, California in the amount of $1,416.38 using credit card number xxxx-xxxx-xxxx-2030.

8. On or about July 16, 2006, S.R., not charged herein, fraudulently obtained instant credit in the name of Timothy N. at a Wal-Mart located in Yuba City, California.

9. On or about July 16, 2006, S.R., not charged herein, made fraudulent purchases at a Wal-Mart located in Yuba City, California in the amount of $2,123.32 using credit card number xxxx-xxxx-xxxx-2048.

10. On or about July 20, 2006, S.R., not charged herein, fraudulently obtained instant credit in the name of Frank H. at a Wal-Mart located in Lodi, California.

11. On or about July 20, 2006, S.R., not charged herein, made fraudulent purchases at a Wal-Mart located in Lodi, California in the amount of $700.99 using credit card number xxxx-xxxx-xxxx-4077.

12. On or about August 22, 2006, S.R., not charged herein, fraudulently obtained instant credit in the name of Jennifer G. at a Wal-Mart located in Chico, California.

13. On or about August 22, 2006, S.R., not charged herein, made fraudulent purchases at a Wal-Mart located in Chico, California in the amount of $675.17 using credit card number xxxx-xxxx-xxxx-4053.

14. On or about August 31, 2006, S.R., not charged herein, fraudulently obtained instant credit in the name of Lloyd B. at a Wal-Mart located in Dixon, California.

15. On or about August 31, 2006, S.R., not charged herein, made fraudulent purchases at a Wal-Mart located in Dixon, California in the amount of $3,611.68 using credit card number xxxx-xxxx-xxxx-7832.

16. On or about September 4, 2006, defendant NGUYEN sent e-mail "chat" messages to R.P., not charged herein, discussing the fact that instant credit was obtained from GE Capital in the names Lloyd B., Lazar G., and Losa M., and Steve P.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO:   [18 U.S.C. § 1029(a)(2) – Access Device Fraud]

The Grand Jury further charges:   T H A T

TIEN TRUONG NGUYEN,
       aka Tim Nguyen,

defendant herein, beginning at a date unknown, but not later than on or about October 15, 2005, and continuing through on or about January 26, 2007, in the State and Eastern District of California, and elsewhere, did knowingly and with the intent to defraud use, and attempt to use, one or more unauthorized access devices during any

one-year period, specifically, within the dates alleged above, and by such conduct obtained, and attempted to obtain, things of value aggregating $1,000 or more during that one-year period, such conduct having an effect on interstate commerce, all in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

COUNT THREE: [18 U.S.C. § 1029(a)(3) - Possession of More than Fifteen Unauthorized Access Devices]

The Grand Jury further charges: T H A T

TIEN TRUONG NGUYEN,
aka Tim Nguyen,

defendant herein, on or about January 26, 2007, in the State and Eastern District of California, and elsewhere, did knowingly and with the intent to defraud possess fifteen or more unauthorized access devices, such conduct having an affect on interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

COUNT FOUR: [18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft]

The Grand Jury further charges: T H A T

TIEN TRUONG NGUYEN,
aka Tim Nguyen,

defendant herein, from on or about October 15, 2005, and continuing through on or about January 26, 2007, in the State and Eastern District of California, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, names, driver's license numbers, and social security numbers of Lloyd B., Lazar G., Losa M., and Steve P., which were used during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit, fraud and related activity in connection with access devices, in violation of 18 U.S.C. §§ 1029(a)(2) and 1029(a)(3),

7

1 | all in violation of Title 18, United States Code, Sections
2 | 1028A(a)(1) and 2.
3 | COUNT FIVE: [18 U.S.C. § 922(g)(1) - Felon in Possession of a
         Firearm and Ammunition]
4 |
    The Grand Jury further charges: T H A T
5 |
                   TIEN TRUONG NGUYEN,
6 |                   aka Tim Nguyen,
7 | defendant herein, on or about January 26, 2007, in the State and
8 | Eastern District of California, having been convicted in Superior
9 | Court, County of Orange, of a crime punishable by a term of
10 | imprisonment exceeding one year, that is, Receipt of Stolen Property
11 | and Making and Passing Fictitious Checks, in violation of Section
12 | 496 of the California Penal Code; Fraudulent Use of a
13 | Telephone/Telegraph, in violation of Section 502.7(B)(1) of the
14 | California Penal Code; and Possession of a Controlled Substance, in
15 | violation of Section 11377(A) of the Health and Safety Code; all on
16 | or about January 21, 1999; did knowingly possess a firearm and
17 | ammunition, to wit: a Remington 870 Magnum Express shotgun, Serial
18 | Number D950177M, and approximately 10 rounds of Remington 12 gauge
19 | shotgun shells; in and affecting commerce, in that said firearm and
20 | ammunition had been transported in interstate and foreign commerce,
21 | in violation of Title 18, United States Code, Section 922(g)(1).
22 | FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(2)(B), 18 U.S.C. §
                         1029(c)(1)(C), 18 U.S.C. § 924(d) and 28
23 |                     U.S.C. § 2461(c) - Criminal Forfeiture]
24 |    The Grand Jury further charges: T H A T
25 |               TIEN TRUONG NGUYEN,
                     aka Tim Nguyen,
26 |
27 | defendant herein, upon conviction for violating and attempting to
28 | violate 18 U.S.C. §§ 371, 1030 and 1029, as alleged in any of the

8

1 | Counts One through Three above, shall forfeit to the United States
2 | pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C),
3 | his interest in any of the property used, and intended to be used,
4 | in any manner or part, to commit, and to facilitate the commission
5 | of such violation(s) and any property constituting, and derived
6 | from, any proceeds the person obtained, directly or indirectly, as a
7 | result of such violation, including:

1. $523.00 cash;
2. Forty-four (44) Pre-paid Gift Cards;
3. Three (3) pre-paid credit cards;
4. Fifteen (15) pre-Paid Visa Cards;
5. Sirus Satellite radio system (new in the box);
6. Eight (8) new Nano Ipods;
7. Toshiba laptop computer, Serial Number: 2623422lQ;
8. New in Box Aspire "Acer" laptop computer;
9. HP Laptop Computer, Serial Number: 82K5T;
10. Magnovox computer monitor;
11. Gateway monitor;
12. Dell Computer desktop, Serial Number: 37NQC61;
13. Bluetooth virtual keyboard;
14. ADS Tech Drive Kit;
15. Linksys wireless system;
16. Linksys wireless Router;
17. WYFY Hotspot Finder;
18. Web Cam;
19. Samsung CPU, Serial Number: 255H93BL901098;
20. Pelican PSP Starter kit;
21. Targus laptop Chill Mat (new in the box);
22. Portable USB Keyboard (new in the box);
23. "VOLP" SYBE computer phone;
24. Kogi monitor;
25. Network storage device;
26. Infared LED night light;
27. "Nightowl" night vision scope;
28. Credit Card Encoder/Reader, Serial Number 11052634;
29. WYSE Com Security Camera (new in the box);
30. Com Security Camera (new in the box);
31. Security remote for cameras;
32. Wireless alert security system (new in the box);
33. Laser Shield security system;
34. Cobra 40 channel CB Radio (new in box);
35. Midland 2 in 1 portable CB (new);
36. Two Cobra hand-held Radios;
37. Garmin GPS Unit 350 navigation system (new in the box);
38. TOM TOM GPS navigation device;
39. Movado woman's watch (new in the box);
40. Toshiba flat panel television;
41. One "Coach" purse (new);

42. Cobra radar detector; and a
43. Nintendo accessory game kit.

All in violation of Title 18, United States Code, Sections 371, and 1030(a)(4), 1029(a)(2), and 1029(a)(3).

Upon conviction of one or more of the offenses alleged in Count Five of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to the following:

    a. Remington 870 Express Magnum Shotgun Serial Number D950177M; and

    b. Ten (10) 12 Gauge shotgun shells.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant NGUYEN aka Tim Nguyen: (1) cannot be located; (2) has been transferred or sold, or deposited, with a third person; (3) has been placed beyond the jurisdiction of the court; (4) has substantially diminished in value; and/or (5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c) to

///
///
///
///
///
///

1 | seek forfeiture of any other property of the defendant NGUYEN, up to
2 | the value of the above forfeitable property.
3 |                         A TRUE BILL.
4 | 
5 |                         FOREPERSON
6 | McGREGOR W. SCOTT
7 | United States Attorney   
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

---

## THE UNITED STATES OF AMERICA

vs.

## TIEN TRUONG NGUYEN

---

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. §§ 371 - Conspiracy to Commit Computer Fraud and Access Device Fraud; 18 U.S.C. § 1029(a)(2) - Access Device Fraud; 18 U.S.C. § 1029(a)(3) - Possession of More than 15 Unauthorized Access Devices; 18 U.S.C. § 1028A - Aggravated Identity Theft; 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C), 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

---

*A true bill,*

/s/

*Foreman.*

---

*Filed in open court this* 26th *day of* April *, A.D. 20* 07

*Clerk.*

---

Bail, $ No Bail - Previously Ordered Detained.

---

GPO 863 525

PENALTY SLIP                                            2:07 - CR - 0164 MCE

DEFENDANT:        **TIEN TRUONG NGUYEN**

COUNT 1           **18 U.S.C. § 371- Conspiracy to Commit Computer Fraud and Access Device Fraud**
PENALTY:          Not more than $ 250,000 or not more than the gross gain or gross loss ;
                  Not more than 5 years imprisonment, or both
                  Not more than 3 years of supervised release

COUNT 2
VIOLATION:        **18 U.S.C. §1029(a)(2) - Access Device Fraud**
PENALTY:          Not more than $ 250,000 or not more than the gross gain or gross loss;
                  Not more than 5 years imprisonment, or both
                  Not more than 3 years of supervised release

COUNT 3:
VIOLATION:        **18 U.S.C. § 1029(a)(3)- Possession of More than 15 Unauthorized Access Devices**
PENALTY:          Not more than $250,000 or not more than the gross gain or gross loss;
                  Not more than 10 years imprisonment, or both
                  Not more than 3 years of supervised release

COUNT 4:
VIOLATION:        **18 U.S.C. § 1028A(a)(1)- Aggravated Identity Theft**
PENALTY:          Not more than $250,000 or not more than the gross gain or gross loss;
                  Not less than 2 years imprisonment, or both
                  Not more than 3 years of supervised release

COUNT 5:
VIOLATION:        **18 U.S.C. § 922(g)(1)- Felon in Possession of a Firearm and Ammunition**
PENALTY:          Not more than $250,000 fine, or
                  Not more than 10 years imprisonment, or both
                  Not more than 3 years of supervised release

FORFEITURE ALLEGATION:

VIOLATION:        **18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C) - Criminal Forfeiture**
PENALTY:          As Indicated in the Indictment

**PENALTY ASSESSMENT:**   $100.00 special assessment each count