1  McGREGOR W. SCOTT
   United States Attorney
2  ROBIN R. TAYLOR
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2722

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.R. No. S-07-164-MCE |
| Plaintiff, | GOVERNMENT'S MOTION IN SUPPORT OF MOTION TO APPEAL THE MAGISTRATE JUDGE'S RELEASE ORDER |
| v. | |
| TIEN TRUONG NGUYEN, aka Tim Nguyen, | |
| | Date: July 2, 2007 Time: 10:00 a.m. Court: Hon. Morrison C. England, Jr. |
| Defendant. | |

**INTRODUCTION**

The United States of America moves pursuant to 18 U.S.C. § 3145 for an order revoking the Magistrate Judge's June 12, 2007, pre-trial release order on grounds that the defendant, Tien Nguyen, aka Tim Nguyen (hereinafter "defendant Nguyen") is a danger to the community, and, alternatively, is a flight risk. 18 U.S.C. §§ 3142, 3143, and 3145. This motion is based upon the facts and arguments

///

///

1

herein and any evidence and argument which may be presented at the hearing on this matter.[1]

**PROCEDURAL HISTORY**

On April 17, 2007, defendant Nguyen, with counsel from the Office of the Federal Defender standing in, made an initial appearance on a criminal complaint and was ordered temporarily detained on grounds of danger to the community and flight risk. Defendant Nguyen thereafter retained counsel, Michael Cernyar, Esq., and on April 18, 2007, Mr. Cernyar entered an appearance in the case.

On April 26, 2007, a grand jury charged defendant Nguyen in an Indictment alleging violations of 18 U.S.C. § 371 - Conspiracy to Commit Computer Fraud and Access Device Fraud; 18 U.S.C. § 1029(a)(2) - Access Device Fraud; 18 U.S.C. § 1029(a)(3) - Possession of More than 15 Unauthorized Access Devices; 18 U.S.C. § 1028A - Aggravated Identity Theft; 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and Ammunition; and a Criminal Forfeiture allegation.

On May 3, 2007, the defendant Nguyen made an initial appearance on the Indictment. The Pretrial Services Officer, Steven Sheehan, recommended detention on grounds of danger because: (1) the defendant had two prior felony convictions involving drug use and fraud, as well as probation and parole violations; (2) was found

---

[1]Transcripts of the proceedings before the Magistrate Judge held on May 3, 2007, and June 12, 2007, are attached hereto as Exhibits A and B, respectively.

with a shotgun and ammunition when arrested; (3) made false statements to Pretrial Services about where he lived and his drug use; and (4) was a daily user of methamphetamine. The Magistrate Judge found that based on these, and other facts, that the defendant posed a danger to the community and was also a flight risk, and that there were no conditions, or combination of conditions, that would reasonably assure the safety of the community or the defendant's appearance in court. R.T. (5/3/07) 26. The Magistrate Judge did, however, advise the defendant that if he were able to post a $2 million secured bond, had a stable residence, and found a suitable third party custodian, the court believed that these conditions, combined with electronic monitoring, would address the issues of danger and flight risk. Before concluding the hearing, the Magistrate Judge briefly voir dired the defendant Nguyen's aunt, Mai Le Nguyen, and uncle, Quy Ngoc Truong, about properties they owned and their willingness to post them. R.T. (5/3/07) 28-30.

On June 7, 2007, the defendant filed a Motion to Reconsider the Detention Order. A hearing was held on June 12, 2007. The government moved for detention on the grounds of danger and flight risk. The Pretrial Services Officer again recommended detention, but provided conditions, in the event that the court decided to release the defendant, based on the court's statements at the May 3, 2007, hearing. After hearing evidence and argument from both sides, the Magistrate Judge specifically found that there was real evidence of danger of flight based on the complex and sophisticated nature of the fraud, the defendant's lengthy criminal history, and other factors he reviewed. R.T. (6/12/07) 13-14. However, he found that conditions existed which would reasonably assure the safety of the

community and the defendant's appearance in court, namely: the appointment of a third party custodian, Ashok Bikkannavar, the boyfriend of defendant Nguyen's mother; the imposition of home detention at 1917 Curry Street, Long Beach, CA; electronic monitoring; and a $2 million bond secured by the following real property:

| Property Address(es) | Owner |
| --- | --- |
| 8989 Gerber Road<br>Sacramento, CA | Quy Ngoc Truong |
| 8285 Gerber Road<br>Sacramento, CA | Mai Nguyen |
| 1917 Cherry Street<br>Long Beach, CA | Mai Nguyen |
| 6145 Cherry Street<br>Long Beach, CA | Quy Ngoc Truong |
| 1608 42 Street<br>Los Angeles, CA | Quy Ngoc Truong |

R.T. (6/12/07) 15.[2]

The court also restricted the defendant's travel, alcohol use, and imposed a curfew. R.T. (6/12/07) 12.

The judge stayed his release order so that the government could seek review in the district court. This appeal followed.

## **FACTUAL BACKGROUND**

---

[2]The government does not yet have the documentation regarding the properties. The government believes that one residence may have $1 million in equity and no first deed of trust. The remaining properties have deeds of trust, the amount of which is unknown at this time. As to these properties, the government would be in an inferior second position.

### *Overview of the Fraud*

The defendant Nguyen, a citizen of Vietnam and lawful permanent resident of the United States, is charged by a grand jury with carrying out sophisticated international "phishing" identity theft and computer fraud scheme in which he, and others, both known and unknown to the government, posted web sites on the Internet, which looked identical to legitimate web sites maintained by banks and companies such as Pay Pal. Defendant Nguyen sent email, often in bulk, directing the recipients to disclose personal and financial information, including their credit and ATM card numbers, banking information, name, address, telephone number, and other information.

On January 26, 2007, Nguyen was arrested pursuant to a warrant in Sacramento at a residence where he was living. Inside defendant Nguyen's bedroom, law enforcement found a Remington 870 Magnum Express, Serial Number D950177M, shotgun and approximately 10 rounds of Remington 12 gauge shotgun shells, both slugs and buckshot. The firearm was located in the room occupied by defendant Nguyen, and was kept standing vertically behind his computer stand against the wall. The ammunition was found in a box a few feet away from the firearm. A complex surveillance system was displayed on defendant Nguyen's computer.

On the computer table and in his bedroom, law enforcement seized approximately 44 pre-paid gift cards purchased with stolen credit cards; 48 "re-encoded" credit cards, many of which had the PIN numbers written on the back; a credit card encoder/reader; a counterfeit California Driver's license with a name other than Nguyen; a small amount of methamphetamine; laminate used to make identification documents; stolen merchandise; and other evidence of

fraud.

On March 23, 2007, pursuant to a federal search warrant, law enforcement searched defendant Nguyen's desk top and lap top computers, and other electronic evidence seized from his bedroom. Based on a preliminary review: law enforcement has found more than 300 individual files containing personal identification information, including among others: (1) a file containing 6,400 credit card numbers, pin numbers, CV2 numbers (three digit number on back of a credit card), and bank account and telephone numbers; (2) a file containing eBay customer identities containing more than 357 pages of personal profiles, with three identities per page, including information such as the persons' names, addresses, social security numbers, phone numbers, e-mail accounts, and family history information; (3) 100 profiles containing the names, addresses, telephone numbers, email addresses, and other information; (4) and additional 543 pages; (four identities per page) of computer long-on and password information, addresses, social security numbers, credit card numbers, expiration dates, and the CV2 numbers; (5) 32 pages of profiles (two identities per page) containing long-on, user name, passwords, addresses, telephone numbers, email addresses, dates of birth, social and drivers' license numbers, mothers' maiden name, and other information; (6) copies of the bogus web sites used to trick bank customers into providing their personal and financial information; (7) 16,000 pages of Internet chat with discussions about the fraudulent scheme; (9) files containing hundreds of e-mail addresses used to send messages in bulk; and (10) other evidence connecting defendant Nguyen to the computer.

Law enforcement also found additional evidence that defendant

Nguyen provided personal and financial information to others, who were using it to obtain instant credit through GE Capital, which provided credit at kiosks at Wal-Mart stores. The actual loss from the fraudulent credit applications and purchases is more than $200,000. Nguyen made a statement to Placer County Detective Jim Hudson admitting to participating in purchasing stolen credit/debit cards, and working with coconspirators to carry out the fraud.

According to the California Department of Justice computerized criminal history database, defendant Nguyen (CII number A1067xxxx) has two felony convictions. The first was in 1999 for Receipt of Stolen Property and Making Fictitious Checks (PC 496), and the second was in 1999 and involved the Fraudulent Use of a Telephone (PC 502.7) and Possession of a Controlled Substance (PC 11377). He also has misdemeanor convictions and parole and probation violations.

Prior to his arrest, defendant Nguyen did not appear to have close relationship with his family, and his mother and others were unaware of his prior criminal convictions, drug use, and fraudulent activity. Defendant Nguyen travels frequently between Northern and Southern California, with no stable residence. He lists a Sacramento address on his Driver's Licence, which was changed shortly before his arrest to an address in Chico, California. He has a step father and other family in Vietnam.[3]

///
///

---

[3] The government heard that the defendant's mother was of ill health and wanted to return to Vietnam because "She was dying."

7

**LAW AND ARGUMENT**

A. <u>THE COURT SHOULD DETAIN THE DEFENDANT NGUYEN AS A DANGER TO THE COMMUNITY AND AS A FLIGHT RISK</u>

1. <u>Introduction</u>

An order by a magistrate judge setting terms and conditions of pretrial release is reviewed <u>de novo</u> when appealed to a United States District Judge. <u>United States v. Koenig</u>, 912 F.2d 1190, 1193 (9th Cir. 1990). The district court should review the evidence and make an independent determination whether the magistrate's findings are correct. <u>Id</u>. The ultimate determination of the propriety of detention is to be decided without deference to the magistrate's ultimate conclusion. <u>Id</u>. at 1193. Applying that standard, the district court need not start from scratch, but "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." <u>Id</u>. The court may hold an evidentiary hearing if it determines one is necessary. <u>Id</u>.

The defendant Nguyen is charged with being a felon-in-possession of a firearm and ammunition, in addition to the conspiracy, computer fraud, and identity theft counts. Thus, he may be detained as a danger to the community or a flight risk. 18 U.S.C § 3142(f)(1)(E); <u>United States v. Abdullah</u>, 2007 Westlaw 1556837 (D.N.J. 2007). Proof of dangerousness must be by clear and convincing evidence. <u>United States v. Aitken</u>, 898 F.2d 104, 107 (9th Cir. 1990); <u>United States v. Motamedi</u>, 767 F.2d 1403, 1405 (9th Cir. 1985); 18 U.S.C. § 3142(e), (f). The decision whether to detain a defendant as a flight risk pending trial is to be made by way of a "preponderance of evidence" analysis. <u>Motamedi</u>, 767 F.2d

8

1403 at 1407. Proof of *both* danger to the community and flight risk is unnecessary. Id. at 1406.

In deciding whether to detain or release a defendant, the court is directed under Title 18 U.S.C. § 3142(g) to consider:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . .

2. <u>Clear And Convincing Evidence Exists That Defendant Nguyen Poses A Danger To The Community; A Preponderance Of The Evidence Establishes That The Defendant Poses A Flight Risk</u>.

The government agrees with the Magistrate Judge's findings that the defendant poses a danger to the community, and that there is a danger of flight. R.T. (6/12/07) 13-15. Here, however, with the concurrence of the Pretrial Services Officer, the government submits that there are no conditions that will protect the community from danger and/or adequately address risk of flight. Thus, under the circumstances, the government submits that there is clear and convincing evidence that the defendant is a danger to the community, and that the posting of security does not adequately address this

issue.  Alternatively, he should be detained as a flight risk.

  a. <u>Nature and Circumstances of Charges</u>

  The nature and circumstances of the offenses with which the defendant is charged favor detention.  The defendant is charged with being a felon-in-possession of a firearm and ammunition.  Although he does not have a history of violence, he was found with a shotgun and ammunition, as well as a surveillance system.  The charges further show that he was involved in a major and sophisticated computer, credit card, and identity theft fraud scheme.  The crimes show a sophistication in use of computers and financial transactions, crimes which can be carried out anywhere, with little more than access to a computer and modem.

  The defendant Nguyen faces a lengthy prison sentence is convicted of these crimes of more than 102 months.  This is based on a guideline sentence of 78-97 months (assuming a loss of between $2.5 million and $5 million; grouping; victim enhancements; and a criminal history of II), plus a mandatory two-year prison term to run consecutive to any other sentence imposed for a conviction of aggravated identity theft under 18 U.S.C. § 1028A.

  b. <u>The Weight of Evidence</u>

  While the weight of the evidence has been declared by the Ninth Circuit to be the least significant of the factors that the court is to consider, <u>Motamedi</u>, 767 F.2d at 1408, it is not insignificant. The purpose of considering the weight is not to make some preliminary determination of likely guilt or innocence, but to evaluate the potential motivation of a defendant to flee while on bond in order to avoid prosecution.  The defendant knows whether he is guilty or innocent, and if the weight of the evidence against him

10

is significant, a defendant who is guilty is more likely to attempt to avoid conviction by not standing trial.

The weight of the evidence supporting the government's case is substantial. The evidence of the credit card fraud and identity theft were found on the defendant's computers; he is tied to the misconduct through credit cards, receipts, and other evidence found in his room; there are 16,000 pages of Internet chat discussing the fraud in great detail; and the defendant made admissions to law enforcement. Additionally, the government has reports from the United States Secret Service that the defendant has also been involved in fraud and identity theft in Seal Beach, California. Computers in that case have not yet been fully analyzed, but appear to contain a volume of similar information to that found in the Sacramento search. Faced with such strong evidence of guilt, the likelihood of a significant sentence, and potential additional loss and/or charges, the defendant has a substantial motive to flee.

c. <u>Defendant's History and Personal Characters</u>

This factor weights heavily in favor of detention and demonstrates that the defendant poses a danger, has a deceptive attitude, and has the ability to remain unreachable if he desires.

(1) <u>Employment and Financial Resources</u>:

Defendant has no steady job, yet discusses using in Internet chat, off-shore credit card account (Meocards), and an "eGold" account, which allows anonymous banking. As of August 2006, he had $29,455 in his eGold account. When he was arrested in August 2007, in Seal Beach, California, on another case, law enforcement found $7,720 in a locked box inside his BMW. The defendant also discusses transferring sums of money to individuals outside the United States,

and there are Western Union receipts documenting the transfers to Romainia, Spain, Portugal, and elsewhere. R.T. (5/3/07) 11; See *by comparison*, <u>United States v. Giordano</u>, 370 F.Supp.2d 1256 (S.D. Fla. 2005)(holding relevant factors that support serious risk of flight include, among others, use of aliases, unstable residential ties to a community, or hidden assets; absence of these factors resulted in release on conditions).

    (2) <u>Length of Residence in the Community, and Community Ties</u>:

The defendant's living arrangements are further evidence that he has the ability to remain unreachable. He has no established residence although he has lived in the United States since he was a small child. Defendant Nguyen further showed his deceptive qualities when it was determined that he provided false information to Pretrial Services about where he was living (i.e. he gave Pretrial the false address of 5413 W. Henderson in Southern California, a residence the defendant's girlfriend said was sold 4-5 years ago). He also gave false information about, and minimized, his drug use. In addition, days before his arrest, the address on his license was changed from showing an address on Gerber Road in Sacramento, to an address in Chico, California. R.T. 5/3/07) 23-24.

The defendant also has the knowledge and ability to avoid contact through normal means of communication and to conceal his identity and whereabouts. He has used at least nine aliases: he had a genuine California Driver's license in the name "Roger Tran" when arrested in Sacramento; he had a genuine California Driver's License in the name "Adrian Aquino" on his person in a prior arrest, and used this name in carrying out the instant fraud; he used at least six names on Western Union paperwork, including the names "Alen

12

Fita" and "Jim Tran"; he had a counterfeited identification in the name "Thi Tran." There is also evidence that he offered to make identification documents for a coconspirator who desired to enter the United States from Canada. There is further evidence that the defendant conceals his assets by putting them in other people's names. For example, his BMW is registered in the name of his uncle.

In addition, the defendant is Vietnamese citizen, who is a lawful permanent resident of the United States, not a citizen. The defendant's ties to Vietnam are unknown. However, there is no treaty with Vietnam, and the United States Office of International Affairs indicates that because he is not a United States citizen, the government would be unable to extradite the defendant from there. His Vietnamese citizenship could also further complicate his extradition from other nations as well.

(3) <u>Family Ties</u>:

Although his family, and the third party custodian, appear to be law abiding, and have lived in the United States for an extended period of time, they have been repeatedly deceived by the defendant or have not had contact with him. Indeed, Pretrial Services had concern about the defendant's mother serving as a custodian for this, and other reasons. The government requested that the court voir dire the selected custodian about the knowledge of the defendant's prior convictions and fraud because there is evidence that the defendant's family was unaware of, and very upset by, the defendant's conduct. Their lack of an accurate assessment of the defendant, negates a finding that the third party custodian will be able to guard against danger to the community and/or assure the defendant's appearance.

1 Further, by comparison to his family, the defendant Nguyen
2 lacks ties to the community and does not have a permanent residence.
3 He travels frequently between Northern and Southern California,
4 staying with his girlfriend or at different addresses.  He listed a
5 Sacramento address on his Driver's Licence until approximately May
6 2007, which was changed shortly before his arrest to an address in
7 Chico, California.  He also appears to spend time in Seal Beach and
8 Long Beach, California.

        (4)  <u>Past Conduct, History Relating to Drug or Alcohol Abuse, Criminal History and Record Concerning Appearance at Court Proceedings</u>:

Prior to his arrest, the defendant was using methamphetamine daily, and lied about, and minimized, his drug use to Pretrial Services.  The defendant has a lengthy rap sheet and at least two prior felony convictions, one for drug possession and the other for fraud.  He has misdemeanor convictions and both parole and probation violations.  He also faces charges for fraud in Seal Beach, California.  He has no prior failures to appear, but does have a suspended California Driver's License.  While the government has no surveillance of him driving, his car was parked at his residence when he was arrested suggesting he has been driving on a suspended license.

In sum, the major factors listed in § 3142(g)(3) favor the defendant's detention rather than his release.  Given the nature of the charges; the sophisticated nature of the offense; the fact that the defendant has two prior felony convictions, misdemeanor convictions, and parole and probation violations; the fact that he uses aliases; the fact that he conceals his assets; the fact that he is not a United States citizen; the fact that the evidence against

14

the defendant is strong; the fact that the defendant is deceptive and addicted to drugs; and the fact that the defendant's family and custodian have had no knowledge or control over his actions, the district court should find, as the Magistrate Judge did, that there is clear and convincing evidence that the defendant poses a danger to the community and is a flight risk.  However, because there are no conditions, or combination of conditions that would protect the community or reasonably insure his appearance, he should be detained pending trial.

Dated: June 26, 2007               Respectfully submitted,

                                   McGREGOR W. SCOTT
                                   United States Attorney


                             By    /s/ Robin R. Taylor
                                   ROBIN R. TAYLOR
                                   Assistant U.S. Attorney