Michael K. Cernyar, Esq. (State Bar No. 225240)
LAW OFFICE OF MICHAEL K. CERNYAR
400 Oceangate, Eighth Floor
Long Beach, California 90802
Telephone: (562) 216-2940
Facsimile: (562) 216-2941

Attorney for Defendant, TIEN TRUONG NGUYEN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>TIEN TRUONG NGUYEN,<br><br>                Defendant. | Case No. S-07-164-MCE<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL MAGISTRATE JUDGE'S RELEASE ORDER**<br><br>Date: July 2, 2007<br>Time: 10:00 a.m.<br>Court: Honorable Morrison C. England, Jr. |

TO THE HONORABLE MORRISON C. ENGLAND, JR., UNITED STATES DISTRICT JUDGE, AND ROBIN R. TAYLOR, ASSISTANT UNITED STATES ATTORNEY:

    Defendant Tien Truong Nguyen (Mr. Nguyen), by and through his counsel, Michael K. Cernyar, hereby opposes the Government's Motion To Appeal Magistrate Judge's Release Order, and respectfully requests that this Court uphold the Order of release in this case as granted by the Honorable Dale A. Drozd, United States Magistrate Judge.

///

///

///

---

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

**LAW OFFICE OF MICHAEL K. CERNYAR**
400 OCEANGATE · EIGHTH FLOOR · LONG BEACH, CALIFORNIA 90802
Telephone: 562/216-2940 · Facsimile: 562/216-2941

This Motion will be based upon these moving papers, the documents contained in the Court's file in this case, and such other and further evidence as may be presented by Defendant at the time of the hearing.

DATED: June 29, 2007

                Respectfully submitted,
                LAW OFFICE OF MICHAEL K. CERNYAR

By:         /s/

    Michael K. Cernyar
    Attorney for Defendant
    **TIEN TRUONG NGUYEN**

2

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

A judge may hold a detention hearing only if one of the six circumstances listed in 18 USC §3142(f)(1),(2) is present, not whenever the Government believes detention would be desirable. UNITED STATES v. SINGLETON, 182 F.3d 7, 9 (D.C. Cir. 1999). In the present matter, not any of the six circumstances apply. Moreover, the Government states facts within their motion which appear to be dubious at best. Accordingly, Mr. Nguyen contends that the Government's position is without merit and respectfully requests that this Court grant the release Order. If this Court were to deny Mr. Nguyen's release, Mr. Nguyen respectfully requests that the Court state its factual findings and reasons for detention in writing or orally on the record for appeal.

**II.**

**PROCEDURAL HISTORY**

1. Mr. Nguyen was presented, on April 17, 2007, with counsel from the Office of the Public Defender, and was ordered temporarily detained. On April 18, 2007, Counsel entered an appearance on the case. Pursuant to the government's request, Mr. Nguyen was detained pending a detention hearing.

///

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

2. On May 13, 2007, Mr. Nguyen appeared before the Honorable Dale A. Drozd, for a consolidated arraignment and detention hearing. Following the aforementioned hearing, the Honorable Dale A. Drozd found probable cause and granted the government's motion for pretrial detention pursuant to 18 U.S.C. §3142(e). However, the Honorable Dale A. Drozd did advise Mr. Nguyen that if he were able to post a $2 million dollar secured bond, had a stable residence, and found a responsible third party custodian, the court believed that these conditions combined with electronic monitoring would address the conditions of danger and flight risk.

3. On June 12, 2007, Mr. Nguyen appeared before the Honorable Dale A. Drozd, to reconsider the detention order. Following the aforementioned hearing, the Honorable Dale A. Drozd found that an appropriate Order can be issued on a combination of conditions that will that will reasonably assure the appearance of Mr. Nguyen as required and protect the safety of any other person and the community, as required by 18 USC 3142(e). Such condistions included appointment of a third party custodian, home detention, electronic monitoring, $2 million bond secured by real property, restricted travel, abstinence from drugs and alcohol, and imposed a curfew.

///

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER

4. It is certainly true that Mr. Nguyen is no stranger to the criminal justice system. However, his employment with the family business demonstrates his ability to be a productive member of society. Significantly, Mr. Nguyen has no convictions for crimes which might be considered to involve force or violence. Moreover, Mr. Nguyen has never failed to appear for any court appearance.

5. Furthermore, the current charge does not involve any violent threat, but only constructive possession of a firearm. And, other than the current charge, there is no basis for concluding that Mr. Nguyen poses a danger to the community. To the extent that the charges in this case give the Court pause on the dangerousness issue, it is respectfully suggested that the court's proposed conditions for release will assure the safety of the community.

6. There is a basis to conclude that an appropriate Order can be issued on a combination of conditions that will reasonably assure the appearance of Mr. Nguyen as required and protect the safety of any other person and the community, as required by 18 USC 3142(e), and indeed, the Honorable Dale A. Drozd released him on that basis.

///

///

///

**III.**

**ARGUMENT**

A. <u>THERE IS NO CLEAR AND CONVINCING EVIDENCE SHOWING THAT MR. NGUYEN IS A DANGER TO THE COMMUNITY</u>

The Government contends that Mr. Nguyen is a danger to the community based upon the allegations that Mr. Nguyen is a felon in possession of a firearm, in addition to computer fraud and identity theft counts. The Government cites to 18 USC §3142(f)(1)(E)[1] and erroneously argues that Mr. Nguyen is a danger to the community. However, 18 USC §3142(f)(1)(E) clearly states "crime of violence" is the appropriate standard for safety to the community and person.

1. <u>The Ninth Circuit Has Ruled That Felon In Possession Of A Gun Is Not A Crime Of Violence Pursuant To 18 USC §3142(f)(1)(E).</u>

In <u>UNITED STATES v. TWINE</u>, 344 F.3d 987 (9th Cir. 2003), the defendant was charged with being a felon in possession of a firearm. In pretrial the defendant was ordered to be detained based upon being a danger to the community. <u>Id</u>. The Ninth Circuit reversed and remanded the matter back to the trial court

---

[1] (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921 [18 USCS § 921]), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code [18 USCS § 2250]; See **18 USCS § 3142**

6

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

to establish appropriate conditions of release. Id. The court reasoned that a "felon in possession of a firearm -- is not a crime of violence for purposes of the Bail Reform Act." Id. The Ninth Circuit's "opinion is in accord with sister circuits who have ruled on this issue. *See* UNITED STATES v. BYRD, 969 F.2d 106 (5th Cir. 1992); UNITED STATES v. PLOOF, 851 F.2d 7 (1st Cir. 1988); UNITED STATES v. HIMLER, 797 F.2d 156 (3d Cir. 1986)." Id.

Here, for Mr. Nguyen the allegations include the charge felon in possession of a firearm, similar to the defendant in Twine. In addition, the allegation against Mr. Nguyen appears to be based upon constructive possession since the firearm allegedly belongs to Mr. Nguyen's step-brother, the firearm was not loaded, nor did Mr. Nguyen have actual possession of the firearm. Moreover, Mr. Nguyen is not accused of using or brandishing the firearm, or committing any acts of violence.

  2. <u>Potential Recidivism Involving Use Of Fraudulent Identification And Unlawful Use Of Credit Cards Is Not The Type Of Danger That Supports A Detention Order.</u>

In UNITED STATES v. HIMLER, *supra*, the defendant was charged with crimes involving the production of false identification. In addition, the magistrate found that the defendant was on probation from a conviction of multiple counts of possession of false identification. Id. The defendant filed a motion for

7

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

review of the detention. Id. Further, at a *de novo* detention hearing, the district court found that at the time of the alleged offense the defendant was on probation from convictions of grand theft in Ohio, unlawful use of credit cards, and unlawful possession of forged or counterfeited driver's licenses in Florida. Id. The district court concluded that the defendant's release on conditions would not assure the safety of the community.

The defendant appealed the detention order, arguing that the Bail Reform Act does not authorize his detention based on the danger that he will continue to use false identification to defraud the community. Id. The appellate court agreed and reversed the district court's detention order. Id. Furthermore, the appellate court remanded the case for the setting of bail and for the imposition of appropriate conditions on the defendant's release. Id. The appellate court reasoned that potential recidivism involving use of fraudulent identification and unlawful use of credit cards is not the type of danger that supports a detention order. Id.

Here, the charges alleged against Mr. Nguyen are similar to the charges alleged against the defendant in Himler. In addition, the Honorable Dale A. Drozd has imposed the appropriate conditions for release based upon these charges to ensure any concerns regarding safety to the community.

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

3. **The Remaining Allegations In Regards to Mr. Nguyen Do Not Apply To 18 USC §3142(f)(1).**

18 USC §3142(f)(1) specifically states:

> (f) Detention hearing. The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community--
>   (1) upon motion of the attorney for the Government, in a case that involves--
>     (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) [*18 USCS § 2332b(g)(5)(B)*] for which a maximum term of imprisonment of 10 years or more is prescribed;
>     (B) an offense for which the maximum sentence is life imprisonment or death;
>     (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (*21 U.S.C. 801* et seq.), the Controlled Substances Import and Export Act (*21 U.S.C. 951* et seq.), or chapter 705 of title 46 [*46 USCS §§ 70501* et seq.];
>     (D) any felony if the person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>     (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921 [*18 USCS § 921*]), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code [*18 USCS § 2250*];

Here, Mr. Nguyen is not charged with any acts specifically included in 18 USC §3142(f)(1)(a-d). Accordingly, Mr. Nguyen respectfully requests that this Court rule that he is not a danger to the community pursuant to 18 USC §3142(f)(1), or in the alternative that there is a basis to conclude that an appropriate Order can be issued on a combination of conditions that will reasonably protect the safety of any other person and the community.

B. THERE IS NO PREPONDERANCE OF THE EVIDENCE

DEMONSTRATING THAT MR. NGUYEN POSES A FLIGHT RISK

The Government contends that Mr. Nguyen poses a flight risk since he allegedly lacks family ties, allegedly has no steady job, and allegedly can be unreachable. These allegations are dubious at best. In addition, the Government is concerned with Mr. Nguyen's citizenship status. The Government appears to be at odds with the United States Supreme Court on the determination of flight risk.

In <u>UNITED STATES v. HUNG</u>, 439 U.S. 1326 (1978), the defendant was faced the probability of two life sentences as well as additional terms of imprisonment totaling 35 years. The defendant had resided continuously in this country for 13 years, and had extensive ties in the community. <u>Id</u>. The defendant maintained a close relationship with his sister, a permanent resident of the United States since 1969. <u>Id</u>. The equity in the sister's Los Angeles home constituted a substantial measure of the security for the defendant's bail. <u>Id</u>. The district court and the court of appeals denied bail. <u>Id</u>. The court of appeals reasoned that the defendant maintained contact with the Vietnamese Ambassador in Paris; that the defendant had not established a permanent residence in this country; and that, should applicant flee to Vietnam, the United States would have no means to procure his return. <u>Id</u>.

10

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

The United States Supreme Court reversed and remanded to the district court for determination of appropriate conditions for release. Id. The Court "concluded that the reasons relied upon by the courts below do not constitute sufficient 'reason to believe that no one or more conditions of release will reasonably assure' that applicant will not flee." Id. The Court reasoned that if these considerations by the lower courts suggested opportunities for flight, they hardly establish any inclination on the part of the defendant to flee. Id.

Here, the Government makes the same mistake as the lower courts and suggests opportunities for flight. These alleged opportunities are dubious at best. Moreover, Mr. Nguyen has never has had an inclination to flee.

Mr. Nguyen is a permanent resident, who fled to this country in 1980 at a very young age. English is his only language. Mr. Nguyen does not speak or write any other language.

Mr. Nguyen has never left the State of California. He was arrested at a family residence/business in Sacramento. Mr. Nguyen has stayed with his step-father for many years at the Henderson address in Santa Ana, California. Mr. Nguyen's mother believes that the step-father continues to own the residence. Mr. Nguyen's mother resides in Long Beach. Mr. Nguyen's family has many properties in Long Beach, Los Angeles, and Sacramento.

11

Like the defendant in HUNG, Mr. Nguen has resided continuously in this country for many years – over 26 years in fact, which is twice the amount of time when compared to Hung's 13 years. Mr. Nguyen has extensive ties in the community and family. Mr. Nguyen has been employed in the family business for years. Mr. Nguyen maintains a relationship with his mother, a citizen of the United States. In addition, Mr. Nguyen maintains a close relationship with his uncle. The equity in the uncle's Long Beach home constitutes a substantial measure of the security for the defendant's bond.

The Government alleges that Mr. Nguyen has two prior convictions with no prior failures to appear. According to the Government, Mr. Nguyen was arrested last year in Seal Beach, California, for similar allegations. The Government suggests that Mr. Nguyen has the opportunity to flee, but Mr. Nguyen has never been inclined to flee.

Accordingly, Mr. Nguyen respectfully requests that this Court rule that he does not pose a flight risk, or in the alternative that there is a basis to conclude that an appropriate Order can be issued on a combination of conditions that will adequately address risk of flight.

///

///

///

12

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER**

## IV.

## CONCLUSION

Mr. Nguyen respectfully requests that the Court uphold and grant his release with an Order on a combination of conditions, as appropriate, that will adequately address risk of flight and safety to community.

DATED: June 29, 2007

Respectfully submitted,
LAW OFFICE OF MICHAEL K. CERNYAR

By:       /s/

Michael K. Cernyar
Attorney for Defendant
**TIEN TRUONG NGUYEN**